IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GREGORY BARNES WATSON,

    Petitioner,               No. CIV S-09-0358 WBS GGH P

    vs.

M. MARTELL,

    Respondent.             ORDER DENYING STAY

----oo0oo----

        On February 2, 2009, petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Central District of California.  Because petitioner is confined at the Mule Creek State Prison, in the Eastern District of California, the matter was ordered transferred to this court on February 6, 2009.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        In his petition, petitioner challenges the 2007

1

1  decision by the California Board of Parole Hearings finding him
2  unsuitable for parole.  Noting that the Ninth Circuit has granted
3  rehearing en banc in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.
4  2008), dealing with the issue raised in the petition in this case
5  of whether a particular factor, such as trivial motive, could be
6  a legitimate predictor of dangerousness for purposes of
7  determining suitability for parole, on February 23, 2009, the
8  Magistrate Judge issued an order to show cause why this action
9  should not be administratively stayed pending the Ninth Circuit's
10 decision in <u>Hayward</u>.

11       Petitioner filed a response to the order to show cause
12 on March 11, 2009.  On March 19, 2009, the Magistrate Judge filed
13 findings and recommendations herein recommending that this action
14 be administratively stayed pending the Ninth Circuit's decision
15 in <u>Hayward</u>.  Notwithstanding the fact that after notice duly
16 given neither party has filed objections to the findings and
17 recommendations, for the following reasons, although the
18 recommendation to stay this action is wise and thoughtful, the
19 court cannot adopt it.

20       In <u>Nguyen Tai Tran v. Immigration and Naturalization
21 Service</u>, No. Civ S-98-1133; <u>Chea Phoeng v. Immigration and
22 Naturalization Service</u>, No. Civ S-98-1299; <u>Hoeun Yong v.
23 Immigration and Naturalization Service</u>, No. Civ S-98-1566; <u>Phuong
24 Dinh Nguyen v. Immigration and Naturalization Service</u>, No. Civ S-
25 98-1732; <u>Son Hoan Lam v. Immigration and Naturalization Service</u>,
26 No. Civ S-98-1737; and <u>Phuomy Rajavong v. Immigration and

2

Naturalization Service, No. Civ S-98-2117, this court was faced with a similar question of whether to stay those habeas corpus actions pending a decision from the Ninth Circuit in the then pending appeal in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000). The decision in that case was expected to resolve the very issue – whether the continued detention of petitioners subject to final orders of deportation who could not be deported because their native countries refused to accept them constituted a violation of their due process rights - raised by each of the petitioners in the cases before this court.

After considered deliberation, in an order dated September 21, 1999 ("September 1999 Consolidated Order"), this court ordered each of those actions stayed pending resolution of the appeal in Ma. On appeal, the Ninth Circuit held that this court abused its discretion. Yong v. Immigration and Naturalization Service, 208 F.3d 1116 (9th Cir. 2000). The Ninth Circuit pointed out that:

> [H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy. "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and received prompt action from him within the four corners of the application." Ruby v. United States, 341 F2d 585, 587 (9th Cir. 1965). Special solicitude is required because the writ is intended to be a "'swift and imperative remedy in all cases of illegal restraint or confinement.'" Fay v. Noia, 372 U.S. 391, 400, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); see also Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (noting that the Supreme Court has constantly emphasized the fundamental importance of the writ). Accordingly, the statute itself directs courts to give petitions for habeas corpus "special,

3

1     preferential consideration to insure expeditious hearing
    and determination." Van Buskirk v. Wilkinson, 216 F.2d
2     735, 737-38 (9th Cir. 1954).

3 208 F.3d at 1120.

4         The Magistrate Judge attempts to distinguish Yong on

5 four grounds. First, the Magistrate Judge points out that if

6 the court were to go forward with this case it would most likely

7 be required to reconsider petitioner's application following the

8 Ninth Circuit's decision in Hayward, and that such process would

9 likely take just as long to reach final resolution with or

10 without a stay. The first problem with this analysis is that we

11 do not know whether this court would have to reconsider

12 petitioner's application after the decision in Hayward because

13 we do not know either what this court's determination or the

14 Ninth Circuit's decision will be. If this court gets it right,

15 presumably there will be no need to reconsider its decision.

16         The second problem with this analysis is that it is

17 almost exactly what this court said in Yong. In my September

18 21, 1999, order I stated:

19     Moreover, for all practical purposes a stay puts
    petitioners in no worse position than a ruling on the
20     merits of the petitions. If the court were to deny the
    petitions on their merits, the result would be that
21     petitioners would remain in custody pending appeal.
    Even if the court granted some or all of the petitions,
22     it would almost certainly stay such decisions pending
    appeal. The INS could in such circumstances raise the
23     very substantial arguments on the merits of any appeal.

24 September 1999 Consolidated Order 8:1-8. The Ninth Circuit

25 nevertheless found that to be an abuse of discretion.

26         Second, the Magistrate Judge points out the prejudice

to the respondent in having to file a second response to the petition as a result of the Ninth Circuit's decision in Hayward and the prejudice to the court if it is required to issue multiple opinions in this action.  This court noted comparable, arguably greater prejudice to the respondent in going forward with the petition in Yong.  This court reasoned that:

> The interests of the INS weigh strongly in favor of a stay.  A stay avoids the possibility that the court would interrupt the INS' ongoing review of petitioners' custody status, and it maintains the status quo.  It avoids (at least for now) potentially erroneous judicial intervention into immigration matters, and matters that touch upon foreign policy.  It also allows the government (and petitioners' counsel for that matter) to better allocate scarce resources.

September 1999 Consolidated Order 6:19 - 7:6.  The Ninth Circuit rejected this as a consideration, arguing that the burdens on the petitioner were not outweighed by any benefit to the respondent from a stay.  While a stay might reduce the number of cases the INS is required to litigate, the Ninth Circuit reasoned, it would only fractionally decrease that workload.  Yong, 208 F.3d at 1121.

   Third, the Magistrate Judge distinguishes this case from Yong on the ground that the Ninth Circuit granted rehearing in Hayward in order to resolve inconsistent approaches it has taken in cases challenging the sufficiency of evidence in parole suitability hearings.  It is true that in Yong this court was not faced with the problem of deciding which one of different approaches taken by the Ninth Circuit to follow.  But it was faced with the task of deciding which one of several approaches

5

taken by other Circuit and District courts, including divergent approaches within this very district, to follow. The court perceives no material difference.

Finally, the Magistrate Judge states that, unlike in Yong, he does not find it likely that any stay of this case will be for a significant length of time. The Magistrate Judge adds that he will not await the result of any petition for certiorari. At the time I ordered the stay in Yong, I did not believe the stay would be for a significant length of time either. All this court contemplated in Yong was a stay for a reasonable time to see what the Ninth Circuit was going to do in Ma. In fact that took less than five months. There was no discussion in this court about awaiting the results of a petition for certiorari. That is something the attorneys raised on appeal and the Ninth Circuit used to repeatedly characterize the stay as "indefinite, and potentially lengthy," for a "lengthy period of time, perhaps for years," "indefinite," and "potentially for years." Yong, 208 F.3d at 1119, 1120, 1121.

The lesson to be learned from Yong is that the trial court does not have the same discretion to stay proceedings in habeas cases as it ordinarily has in other cases. A stay should be ordered in a habeas case only very rarely in exceptional circumstances and will be reviewed on appeal with even less deference than in other contexts. Yong, 208 F.3d at 1119. This court cannot find such exceptional circumstances here. Specifically, the court cannot find this case to be materially

distinguishable from Yong.  If it was an abuse of discretion to grant the stay there, it is at the very least a bad idea to do so here.

For the foregoing reasons, the recommendation of the Magistrate Judge that this action be administratively stayed pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008) is REJECTED, and this matter is REMANDED to the Magistrate Judge for further proceedings consistent with this order.

DATED:  June 3, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE